**Lauren H. GRAVINS**

v.

**INTERNATIONAL PLAYTEX, INC.**

**Civ. A. No. 83–0630–R.**

United States District Court,
E.D. Virginia,
Richmond Division.

Feb. 1, 1984.

Philip B. Morris, Browder, Russell, Morris & Butcher, Richmond, Va., for plaintiff.

William H. Robinson, Jr., L. Adele Baker, McGuire, Woods & Battle, Richmond, Va., for defendant.

## OPINION

WARRINER, District Judge.

On 17 January 1984 defendant moved the Court for partial summary judgment with

993.25, while Zimmery Crutcher will receive $667.50.

respect to the claim based upon "strict liability" asserted in Count II of the amended complaint. The motion was accompanied by an appropriate brief to which plaintiff has filed a timely reply. Defendant has failed to avail itself of the opportunity to rebut plaintiff's argument. The Court will consider the motion on the present state of the record.

Plaintiff argues that in *Fetherall v. Firestone,* 219 Va. 949, 252 S.E.2d 358 (1979) and *Logan v. Montgomery Ward,* 216 Va. 425, 219 S.E.2d 685 (1975) the Supreme Court of Virginia has all but adopted the Restatement (Second) of Torts, § 402A formulation of the doctrine of strict liability. Plaintiff urges this Court to "move the final inch in the procession towards strict liability...."

Plaintiff forgets that this Court is not only not the General Assembly of Virginia, the policy-making body of the Commonwealth, this Court is not even a common law court of the Commonwealth of Virginia. Whatever may be the proper role of appellate courts in making policy decisions on the basis of what they consider best for the people, I conceive the trial judge to be too busy, and properly so, trying lawsuits to permit myself the luxury, or arrogance, of gazing off into the mists to determine what social, legal, political, and moral strictures should be imposed upon the citizenry. As long as representative government exists, there is no excuse for a court arrogating to itself the authority to move the law along some purportedly wise or socially desirable path. Nor should lawyers tempt judges to exercise the power of a benevolent despot. Plaintiff's suggestion is spurned and defendant's motion is GRANTED.

Partial summary judgment is GRANTED defendant with respect to the claim asserted in Count II of the complaint.

And it is so ORDERED.